# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
MITCHELL L. POSIN, BAR NO. 2840.

No. 69417

FILED

MAR 25 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## *ORDER APPROVING CONDITIONAL GUILTY PLEA AGREEMENT*

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that this court approve, pursuant to SCR 113, a conditional guilty plea agreement in exchange for a stated form of discipline for attorney Mitchell L. Posin. Under the agreement, Posin admitted to violations of RPC 1.1 (competence), RPC 1.2 (scope of representation), RPC 1.3 (diligence), RPC 1.4 (communication), and RPC 1.15 (safekeeping property).

The agreement provides for a 2-year suspension with 18 months stayed, subject to Posin satisfying the following conditions: (1) remain on probation for 2 years starting 30 days after the plea is accepted by the panel, during which time Posin must not receive any grievances that result in actual discipline and must provide quarterly reports to bar counsel regarding his place of employment, practice areas, caseload, restitution payments, and any issues that may have developed; (2) obtain a mentor, to be approved by the state bar, who must be a licensed attorney practicing in personal injury law, and who will monitor Posin's active cases and report quarterly to bar counsel; (3) pay restitution in specific amounts to five clients and provide proof of payment by the end of the probation period; and (4) pay for the costs of the disciplinary proceeding within one year, excluding bar counsel and staff salaries.

Based on our review of the record, we conclude that the guilty plea agreement should be approved. *See* SCR 113(1). We hereby impose a

16-09487

2-year suspension with 18 months of the suspension stayed. Additionally, Posin must comply with all of the conditions in the plea agreement, as outlined above, must pay restitution as set forth in the plea agreement, and must pay the costs of the disciplinary proceedings, excluding bar counsel and staff salaries, within the time frame designated in the plea agreement. *See* SCR 120.

It is so ORDERED.

_____, C.J.
Parraguirre

_____, J.
Gibbons

_____, J.
Cherry

_____, J.
Pickering

HARDESTY, DOUGLAS, and SAITTA, JJ., dissenting:

We dissent because, having considered the relevant standards and the mitigating and aggravating factors, a 2-year suspension with 18 months stayed is insufficient to protect the public and the integrity of the profession considering Posin's admitted misconduct, the number of clients harmed, the extent of the harm, and the relatively recent prior discipline for similar misconduct. Therefore, we would reject the conditional guilty plea agreement and remand for further proceedings.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Saitta

Supreme Court
OF
Nevada

(O) 1947A

cc: Chair, Southern Nevada Disciplinary Board
William B. Terry, Chartered
C. Stanley Hunterton, Bar Counsel, State Bar of Nevada
Kimberly K. Farmer, Executive Director, State Bar of Nevada
Perry Thompson, Admissions Office, U.S. Supreme Court